## Case No. 16,166.

UNITED STATES v. RINDSKOPF et al.

[8 Biss. 507; 8 Reporter, 426; 11 Chi. Leg. News, 376.] [1]

Circuit Court, E. D. Wisconsin. April 23, 1879.

ASSESSMENT AGAINST DISTILLER—BURDEN OF PROOF.

1. The validity of an assessment against a distiller may be inquired into by defendants answering a bill by the United States to subject to the payment of such assessment, lands transferred to them.

[2] [From 21 Int. Rev. Rec. 326.]
[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 8 Reporter, 426, contains only a partial report.]

2. When the defendants have rebutted the presumption of law as to the validity of the assessment the burden of proof is shifted upon the government to establish its validity.

G. W. Hazleton, for the United States.
Murphey & Goodwin, for defendants.

Before DRUMMOND, Circuit Judge, and DYER, District Judge.

DRUMMOND, Circuit Judge. This is a bill founded on an assessment which was made against [Lewis] Rindskopf by the United States for taxes which were due by him as a distiller, and for not making a true return of the spirits manufactured from December 1, 1874, to July 1, 1875. It is a claim for an indebtedness due from him for a violation of the internal revenue laws, and, because, as the bill alleges, he had incumbered his property fraudulently, and there was real estate belonging to him which could be taken for the debt due upon the assessment, if the incumbrances upon it were removed.

The bill is filed under a special statute of the United States which authorizes a bill to be filed for the purpose of enforcing any lien which may exist against the property of a distiller, or rectifier, and which declares that the parties in interest shall be made defendants to the bill, and that the case shall be heard by the court, and decided conformably to the equities. Rev. St. § 3207.

The question for the court to determine is, whether this bill under the facts, is maintainable; and we think that it is not. I will state very briefly why we have reached that conclusion.

We concede that the assessment made is prima facie a valid assessment, and must be regarded as binding when made by the officers, as required under the law of the United States; but while this is so, we hold that it is not conclusive against all parties, and that it is competent for those who may not be directly affected by the assessment (as in this case where it is sought to make the assessment binding against property in which other parties claim to have an interest), to contest its validity. We admit that it is necessary for them to show that the assessment is invalid, and the inquiry is, whether on the facts of the case they have done so. We think that they have. The evidence shows the capacity of the distillery. It also shows the amount of returns that were actually made by Rindskopf to the proper officers, and that upon the returns thus made the taxes were paid. The capacity of the distillery is ascertained under the laws of the United States, and they require that there should be a tax assessed against the party running the distillery to an amount equal to 80 per cent. of its capacity.

It appears that, taking the capacity of the distillery during the six months under consideration, it was 188,630 $^{61}/_{100}$ gallons. Upon this capacity returns were made to the amount of 83½ per cent., on which the tax was paid.

It is claimed there were a little over 62,000 gallons produced which were not returned. Including what was returned with what is assessed, it is much greater than the capacity of the distillery during the time covered by the assessment. It is said that it was possible for the distillery to produce this amount; that the capacity as fixed by the statute does not show the actual compass of the distillery; that more spirits can be produced than the capacity, taking the data prescribed by the statute. would return; but we think this is the position of this part of the case: that while the assessment is prima facie evidence of its validity, the defendants have presumptively shown by evidence that the assessment is invalid; and taking the facts as altogether tending to indicate the returns as made, in connection with the capacity, it they do not show true returns, it was incumbent on the plaintiff to prove that they were not true returns. In other words, the defendants having rebutted the presumption that the law makes in relation to the validity of the tax, the burden of proof is shifted from the defendants to the plaintiff, and they must show that this assessment is a valid assessment. Now, how is that proposed to be done? In no other way than by some admissions made, it is claimed, by Rindskopf, in which he said he was running "crooked whiskey" at the rate of one hundred barrels a week. We think that is a very improbable statement, considering the capacity of the distillery, and what he actually returned, and that we cannot, upon that ground, hold that the proof has been made out which it is incumbent on the plaintiff to establish, that the assessment was a valid assessment, as against the evidence produced on the part of the defendants, especially when we consider the evidence from the employés of Rindskopf, all of whom state that they had no knowledge of "crooked whiskey" being run at that time. And this is stated by the storekeepers, as well as the employés of Rindskopf. Rindskopf himself contradicts all these admissions which he is said to have made; and while there may be suspicion, we cannot decree against the interests of persons on mere suspicion, without competent evidence to prove the fact which it is alleged actually existed.

Now, taking all these things together, we think the testimony of the United States has not satisfactorily met the proof which has been offered by the defendants that this was an invalid assessment.

We have looked into the question of the validity of the mortgage made to Wirtheimer, and the sale, but the view we have taken of the case renders it unnecessary to give an opinion on the validity of the mortgage and of the sale.

We hold, as the case stands, that it is wanting in an indispensable requisite, namely, satisfactory evidence to show that the assessment was a valid assessment. Therefore, we shall dismiss the bill.